# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISABEL TUBACH, | ) | 1:10-cv-00913-SMS (PC) |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S MOTION FOR MEDICAL CARE |
| LAHIMORE, et al., | ) | (Doc. 5) |
| Defendants. | ) | |

Plaintiff, Isabel Tubach, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 18, 2010, Plaintiff filed a document merely entitled "Motion" wherein she seeks to have the Defendants ordered to provide her with medical care and treatment. (Doc. 5.) Plaintiff's motion is construed as a motion for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for

1  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter,
2  it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102
3  (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
4  454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it
5  has no power to hear the matter in question.  Id.  Requests for prospective relief are further
6  limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that
7  the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to
8  correct the violation of the Federal right, and is the least intrusive means necessary to correct the
9  violation of the Federal right."

10     A cursory review of the Complaint shows that the present motion is not aimed at
11 remedying any condition alleged in the Complaint. The case or controversy requirement cannot
12 be met in light of the fact that the issue Plaintiff seeks to remedy in her motion bears no relation,
13 jurisdictionally, to the events alleged in the Complaint.  Lyons, 461 U.S. at 102; 18 U.S.C. §
14 3626(a)(1)(A); see also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel
15 Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04 (1998).  Because the case-or-controversy
16 requirement cannot be met, the pendency of *this* action provides no basis upon which to award
17 Plaintiff the injunctive relief which she seeks.  Id.  The issue is not that Plaintiff's allegations are
18 not serious or that Plaintiff is not entitled to relief if sought in the proper forum.  The issue is
19 that this action cannot be used by Plaintiff obtain the relief she seeks.  The seriousness of
20 Plaintiff's allegations concerning a lack of appropriate medical care and treatment cannot and do
21 not overcome what is a *jurisdictional* bar.  Steel Co., 523 U.S. at 103-04 ("[The] triad of injury
22 in fact, causation, and redressability constitutes the core of Article III's case-or-controversy
23 requirement, and the party invoking federal jurisdiction bears the burden of establishing its
24 existence.")

25     By separate order, Plaintiff's Complaint is being dismissed for failure to state a claim
26 upon which relief may be granted with leave to file a first amended complaint.  However, in
27 light of the seriousness of the allegations in the Complaint, the Court has, by separate order,
28 requested that the Warden at Central California Women's Facility look into the feasibility of

1 changing Plaintiff's cell-mates.

2      Accordingly, Plaintiff's motion for preliminary injunctive relief, filed June 18, 2010, is HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:**   **July 8, 2010**                         **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE