# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>  Plaintiff,<br><br>  v.<br><br>LAHIMORE, et al.<br><br>  Defendant.<br>_____/ | 1:10-cv-00913-SMS (PC)<br><br>ORDER DISMISSING COMPLAINT AND CERTAIN CLAIMS WITH PREJUDICE AND ALLOWING LEAVE TO AMEND ON CERTAIN CLAIMS<br><br>(Doc. 13) |

**I.  SCREENING ORDER**

Plaintiff, Isabel Tubach, ("Plaintiff") was a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed her original Complaint on May 21, 2010 (Doc. 1), which was dismissed for Plaintiff's failure to sign the pleading in an order which also provided the standards for the claims that Plaintiff appeared to intend to make (Doc. 9). After requesting and receiving an extension, Plaintiff filed her First Amended Complaint on September 8, 2010 – which is presently before th Court for screening. (Doc. 13.)

  **A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Summary of Plaintiff's Complaint**

Plaintiff complains of acts that occurred while she was an inmate at Central California Women's Facility ("CCWF") in Chowchilla, California.  Plaintiff has named only three persons as defendants in this action: CCWF Associate Warden and Litigation Coordinator, Javier Cavazos; Attorney General, Jerry Brown; and Appeals Coordinator Ms. Brown.  Plaintiff alleges that Attorney General Jerry Brown put Officer Gonzales (not a named defendant in this action) "in charge" of her because she used to work at the "Central Intelligence American [sic] (CIA)." Plaintiff alleges that Officer Gonzales harasses her and that his actions amount to cruel and unusual punishment and violation of her rights to equal protection.  (Doc. 13, 1st Amd. Compl., p. 12.)  Plaintiff alleges that she has sent letters to Governor Schwarzenegger and that he sends them to Warden Cavazos.  (*Id.* at p. 9-10.)  Plaintiff seeks authorization to take the named defendants "to court," that the Attorney General dismiss Officer Gonzales, that an order issue to stop the cruel and unusual punishment that she is being subjected to, and that she be allowed to obtain parole.

Plaintiff fails to state a cognizable claim.  Most of her allegations are irreparably flawed and will never be able to be corrected so as to state a cognizable claim for violation of her constitutional rights.  However, Plaintiff may be able to name Officer Gonzales as a defendant in this action and amend to correct the deficiencies so as to state a cognizable claim against Officer Gonzales.  With this in mind, and for the reasons discussed herein, Plaintiff's First Amended Complaint is dismissed and her claims against the three named Defendants (CCWF Associate Warden and Litigation Coordinator, Javier Cavazos; Attorney General, Jerry Brown; and Appeals Coordinator Ms. Brown) are dismissed with prejudice.  However, Plaintiff is being given leave to file a Second Amended Complaint solely for the purpose of pursuing any claims she may have against Officer Gonzales.

**C.     Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) *quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusion are not. *Iqbal.* at 1949; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556-557.

If she chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible. She should merely state which of her constitutional rights she feels were violated by Officer Gonzales and its factual basis.

3

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

It appears that Plaintiff's claims might be related in as much as Attorney General Jerry Brown might be in a position of supervision over Warden Cavazos and/or Appeals Coordinator

4

Brown.  Though, as subsequently discussed Plaintiff is not able to state a claim against any of these three named Defendants.  Plaintiff is advised that the fact that claims are premised on harassing motives and/or deliberate indifference to Plaintiff's serious medical needs do not make them related.  Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event, or claims against a common defendant.  Plaintiff is advised that if she chooses to file a second amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### 4. Exhibits

Plaintiff attached several pages of exhibits to the First Amended Complaint.

The Court is not a repository for the parties' evidence.  Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  If Plaintiff attaches exhibits to a second amended complaint, each exhibit must be specifically referenced.  Fed. R. Civ. Pro. 10(c).  For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing in support of any given allegation.  If the exhibit consists of more than one page, Plaintiff must reference a specific page of the exhibit in her pleading (i.e. "See Exhibit A, page 3").

Further, the note to Warden Cavazos which Plaintiff attached as an exhibit is dated the day before Plaintiff signed and mailed her First Amended Complaint for filing with this Court such that it would be impossible for Warden Cavazos' actions or inactions to that note to form the basis for liability in this action.  Likewise, liability cannot possibly attach to Governor Schwarzenegger based on the note to "Mr. Governor" that Plaintiff attached as an exhibit, which while not dated, references an event that occurred on August 30, 2010, a mere two days prior to the date Plaintiff signed and mailed the Second Amended Complaint for filing in this Court.

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true.  It is unnecessary for Plaintiff to submit

exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a second amended complaint, she should simply state the facts upon which she alleges a Defendant has violated her constitutional rights and refrain from submitting exhibits.

**D.     Claims for Relief**

       **1. Eighth Amendment**

          **a. Cruel and Unusual Punishment**

Plaintiff alleges that she was subjected to cruel and unusual punishment. (Doc. 13, 1st Amd. Compl., p. 3.)

One who makes a claim of cruel and unusual punishment must show that the state has created risk or inflicted pain pointlessly. "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (*See Johnson v. Phelan*, 69 F.3d 144, 147 (1995) *citing Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotations omitted) *see also Rhodes v. Chapman*, 452 U.S. 337 (1981); *Wilson v. Seiter,* 501 U.S. 294, 289-300 (1991); *Helling v. McKinney*, 509 U.S. 25 (1993).

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Plaintiff does not make any allegations that anyone unnecessarily and/or wantonly caused or inflicted pain or subjected her to excessive force so as to state a cognizable claim for

cruel and unusual punishment

### b. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must alleges facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer*, 511 U.S. at 847; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that her cell-mates are stealing and destroying her property and that they break into her closet when she sleeps. (Doc. 13, p. 8.) As stated in this Court's prior order, Plaintiff may not sue her cell-mates in an action under section 1983 as their actions are not under color of law.

Plaintiff alleges that Officer Gonzales gives her a difficult time (*Id.*); tells prison staff to close the laundry unit when Plaintiff wants to use it (*Id.*); asks the canteen staff not to sell her the items she most needs (*Id.* at 8:15-9:2); asks the librarian to only give her one copy so she has "to go at nights" (*Id.* at 9:2-6); has sex with her cell-mates and they spy on her for him (*Id.* at 9:6-9); reads her legal and regular mail (*Id.* at 9:9-10); has told the doctor not to give her a chrono to receive ice and has told the kitchen workers not to give her ice even though ice is the only thing that provides relief for her tongue cancer (*Id.* at 9:11-10:2); and gave the wrong information to the parole board (*Id.* at 10:11-14). None of these allegations separately or in combination, aside from the ice chips for her tongue cancer (which will be discussed in the next section as a possible medical issue) amount to a grave deprivation of life's necessities so as to form a cognizable claim under the Eighth Amendment regarding the conditions of Plaintiff's confinement.

### c. Deliberate Indifference to Serious Medical Needs

7

Plaintiff appears to allege Officer Gonzales was deliberately indifferent to her serious medical needs in thwarting her access to ice chips for her tongue cancer.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's tongue cancer qualifies as a serious medical condition.

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. *Farmer*, 511 U.S. at 834. However, "the officials' conduct must constitute ' " 'unnecessary and wanton infliction of pain' " ' before it violates the Eighth Amendment. *Hallett v. Morgan* 296 F.3d 732, 745 (2002) *quoting Estelle*, 429 U.S. at 104 (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *see also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care "the indifference to [her] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (*quoting Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under

8

1 this standard, the prison official must not only 'be aware of the facts from which the inference
2 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw
3 the inference.'" *Id.* at 1057 (*quoting Farmer*, 511 U.S. at 837). "'If a prison official should
4 have been aware of the risk, but was not, then the official has not violated the Eighth
5 Amendment, no matter how severe the risk.'" *Id.* (*quoting Gibson v. County of Washoe,*
6 *Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

7      Plaintiff alleges that she has tongue cancer that "is burning and bleeding and hurts" when
8 she eats. (Doc. 13, 1st Amd. Compl., 9:11-15.) She alleges that she needs ice to relieve the
9 burning and that Officer Gonzales told Dr. Vasudeva not to give Plaintiff a chrono to receive
10 ice. (*Id.*) Plaintiff alleges that she has to pay kitchen workers to bring ice to her, but that
11 Officer Gonzales directs the kitchen staff not to give her ice, but rather to throw it in the trash.
12 (*Id.*, at 9:15-10:2.)

13      Plaintiff fails to state a cognizable claim against Officer Gonzales as she fails to show
14 that he had knowledge of her tongue cancer and was aware that ice is the only thing that
15 provides her relief from the burning sensation, when he thwarted her access to ice chips so as to
16 have acted in deliberate indifference to her condition. Further, Plaintiff cannot pursue a claim
17 against Officer Gonzales unless and until he is named as a defendant. This is the only grouping
18 of allegations in the First Amended Complaint that it appears Plaintiff might be able to cure to
19 state a cognizable claim. Thus, it is the only claim that Plaintiff is granted leave to amend.

20      **2. Harassment**
21      To the extent that Plaintiff intended to state a claim based on being subjected to
22 harassment, she cannot state a cognizable claim as verbal harassment or abuse alone is not
23 sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, *Oltarzewski v. Ruggiero*,
24 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional
25 violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Thus, Plaintiff does not, and cannot
26 state a cognizable claim for harassment.

27      **3. Supervisory Liability**
28      It appears that Plaintiff intends to pursue Assistant Warden Cavazos and Attorney

9

General Jerry Brown on the basis of their supervisory positions and may have mentioned Governor Schwarzenegger in her factual allegations because of his supervisory position.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal,* 129 S.Ct. at 1949. "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 968 (*quoting Iqbal*, 126 S.Ct. at 1951 (*quoting Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Plaintiff's allegations that she has "sent several letters to the governor of California and he send [sic] them to the Warden Mr. J. Cavazos, but he said in the investigation that he does

not know who is in charge of me, when the hole [sic] institution is aware who is [sic] him [sic],"
(Doc. 14, 1st Amd. Compl., 10:2-9), simply does not show that either Governor
Schwarzenegger or Warden Cavazos personally participated in, knew of and failed to act, or
promulgated or implemented a policy that was the moving force of a constitutional violation –
particularly when coupled with the fact that none of Plaintiff's allegations in either of her
pleadings amount to a cognizable claim for violation of her constitutional rights.

Further, even construing Plaintiff's allegations liberally as required by *Hebbe v. Pliler*,
611 F.3d 1202, 1205 (9th Cir. 2010), Plaintiff's allegation that Attorney General Jerry Brown
personally put Officer Gonzales in charge of her because she used to work at the "Central
Intelligence American [sic] (CIA)" must be dismissed because it is simply not plausible on its
face. *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 556, 557, 570 (*citations omitted*).

Accordingly, Plaintiff's claims against Warden Cavazos, Attorney General Jerry Brown,
and any possible claims against Governor Schwarzenegger fail such that these persons and all
claims against them must be dismissed with prejudice.

**4.     Equal Protection**

Plaintiff alleges that Defendant Attorney General Jerry Brown violated her equal
protection rights "because he has not [sic] right to put an officer in charge of me."

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of
the Fourteenth Amendment, a plaintiff must show that a defendant acted with intentional
discrimination against plaintiff, or against a class of inmates which included plaintiff. *Village of
Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Reese v. Jefferson Sch. Dist. No. 14J*, 208
F.3d 736, 740 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998);
*Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991); *Lowe v. City of
Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985).

When an equal protection claim is premised on unique treatment rather than on a
classification, the Supreme Court has described it as a "class of one" claim. *Willowbrook*, 528
U.S. at 564 (*per curiam*).  In order to claim a violation of equal protection in a class of one case,
the plaintiff must establish that the defendant intentionally, and without rational basis, treated

11

the plaintiff differently from others similarly situated. *See Id.*; *accord Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds*, *Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir.2007). A class of one plaintiff must show that the discriminatory treatment "was intentionally directed just at him, as opposed . . . to being an accident or a random act." *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001).

Plaintiff does not state any allegations to show that any of the three named defendants treated her any differently from other prisoners. Further, as previously discussed, even construing Plaintiff's allegations liberally, *Hebbe*, 611 F.3d at 1205, Plaintiff's allegation that Attorney General Jerry Brown personally put Officer Gonzales in charge of her, which appears to be the basis for her claim under the Equal Protection Clause (Doc. 13, 1st Amd. Compl., 1010-14), is not plausible on its face so as to state a cognizable claim under *Iqbal* standards.

### 5. Inmate Appeals

Plaintiff's only allegation against Appeals Coordinator Brown is that Ms. Brown is not processing her grievances. (Doc. 13, 1st Amd. Compl, pp. 2, 3.)

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.

1  2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*,
2  855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest
3  requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v.*
4  *DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).
5      Actions in reviewing prisoner's administrative appeal cannot serve as the basis for
6  liability under a § 1983 action. *Buckley*, 997 F.2d at 495.  The argument that anyone who
7  knows about a violation of the Constitution, and fails to cure it, has violated the Constitution
8  himself is not correct.  "Only persons who cause or participate in the violations are responsible.
9  Ruling against a prisoner on an administrative complaint does not cause or contribute to the
10 violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507
11 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance*
12 *v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).
13     Thus, since she has neither a liberty interest, nor a substantive right in inmate appeals,
14 Plaintiff fails and is unable to state a cognizable claim against Appeals Coordinator Ms. Brown
15 for the processing and/or reviewing of her 602 inmate appeals.
16     **6.     Parole**
17     In the First Amended Complaint, Plaintiff states: "I think that this officer give [sic] false
18 and wrong information to the parole board so he does not lost [sic] his job" and "I need take
19 [sic] they [sic] to an open court so I could obtain my parole."  (Doc. 13, 1st Amd. Compl.,
20 11:11-14, 12:11-12.)
21     Most recently, the Supreme Court in *Wilkinson v. Dotson* 544 U.S. 74, 82 (2005)
22 reviewed *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *Heck v. Humphry* 512 U.S. 477, 487
23 (1994*)*, and their progeny, and explained that: "[t]hese cases, taken together, indicate that a state
24 prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought
25 (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to
26 conviction or internal prison proceedings) – *if* success in that action would necessarily
27 demonstrate the invalidity of confinement or its duration." (Emphasis in original.)  A writ of
28 habeas corpus is the sole federal remedy for claims seeking the relief of immediate or speedier

13

release from imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff appears to challenge a denial of probation which should not be pursued under § 1983, but rather should be raised in a habeas corpus petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, *Preiser,* 411 U.S. at 485; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

### 7. Revocation of IFP status

Plaintiff is a three-strikes filer under 28 U.S.C. § 1915(g).[1] In her original complaint, Plaintiff alleged that she had extremely high blood pressure and that the harassing circumstances which she was housed under were causing her blood pressure to rise and placing her at risk of a heart attack and/or stroke – even attaching copies of medical records showing high blood pressure readings. (Doc. 1.) The Court accepted this as a showing that Plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) and granted Plaintiff's IFP application. However, the First Amended Complaint does not make any allegations relating to Plaintiff's blood pressure.

The determination as to whether there is an "imminent danger of serious physical injury" under § 1915(g) is made on the basis of the conditions at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007). An amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff was previously warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (*citing London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth,* 114 F.3d at 1474.

The First Amended Complaint is devoid of any allegations regarding the effect Plaintiff's conditions of confinement on her high blood pressure -- which was alleged in the

---

[1] Plaintiff received a strike under section 1919(g) in each of the following cases:
Tubach v. Gomez, CV-F-97-5549-OWW-DLB, dismissed as frivolous on 10/17/1997; Tubach v. Farmon, CV-F-96-5551-REC-SMS, dismissed as frivolous on 02/24/1998; and Tubach v. Rilly, CV-F-98-5603-REC-HGB dismissed as frivolous on 03/12/1999.

14

original complaint and was sufficient to show that Plaintiff was under imminent danger of serious physical injury so as to be granted IFP status even though having more than three strikes under section 1915(g). It no longer appears that Plaintiff's action was filed to as a result of her imminent danger of serious physical injury.

Accordingly, if Plaintiff chooses to file a second amended complaint she must either make a showing that she is under imminent danger of serious physical injury in her allegations, or show cause in a separate writing filed concurrently with any second amended complaint as to why her IFP status should not be revoked.

## II.    CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with leave to file a second amended complaint within thirty days -- restricted solely to claims, if any, that she wishes to pursue against Correctional Officer Gonzales. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights, *see Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980), and must allege in specific terms how Officer Gonzales is affirmatively linked or connected to the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that a second amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814

F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (*citing London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth,* 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order solely as to any allegations she wishes to make against Officer Gonzales.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in her second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend solely as to state claims against Officer Gonzales;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order;
4. If Plaintiff chooses to file a second amended complaint she must either make a showing that she is under imminent danger of serious physical injury in her allegations, or show cause in a separate writing filed concurrently with any second amended complaint as to why her IFP status should not be revoked; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:    November 2, 2010**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE