# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>          Plaintiff,<br><br>    v.<br><br>LAHIMORE, et al.<br><br>          Defendant.<br>_____/ | 1:10-cv-00913-SKO (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT ALLOWING LEAVE TO AMEND AND GRANTING PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT<br><br>(Docs. 20, 22, 24, 25, 26)<br><br>THIRTY DAY DEADLINE |

## I. SCREENING ORDER

Plaintiff, Isabel Tubach, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed her original Complaint on May 21, 2010. (Doc. 1.) Plaintiff is a three-strikes filer under 28 U.S.C. § 1915(g).[1]

In her original complaint, Plaintiff alleged that she had extremely high blood pressure, that the harassing circumstances under which she was housed were causing her blood pressure to rise placing her at risk of a heart attack and/or stroke, and attached copies of medical records showing high blood pressure readings. (*Id.*) This was accepted as a showing that Plaintiff was

---

[1] Plaintiff received a strike under section 1919(g) in each of the following cases: Tubach v. Gomez, CV-F-97-5549-OWW-DLB, dismissed as frivolous on 10/17/1997; Tubach v. Farmon, CV-F-96-5551-REC-SMS, dismissed as frivolous on 02/24/1998; and Tubach v. Rilly, CV-F-98-5603-REC-HGB dismissed as frivolous on 03/12/1999.

1

1  "under imminent danger of serious physical injury" and, pursuant to 28 U.S.C. § 1915(g),
2  Plaintiff's IFP application was granted. (Doc. 4.) However, the Complaint was dismissed for
3  Plaintiff's failure to sign the pleading and Plaintiff was provided the standards for the claims
4  that it appeared she intended to pursue. (Doc. 9.)

5  Plaintiff filed the First Amended Complaint on September 8, 2010. (Doc. 13.) On
6  screening, the court found that Plaintiff failed to state any cognizable claims and that the vast
7  majority of her allegations would not state cognizable claims even if amendment were allowed.
8  (Doc. 16.) Consequently, the First Amended Complaint was dismissed with leave to amend
9  solely claims that Plaintiff might pursue against Officer Gonzales, as that was the only aspect of
10 her allegations that appeared amenable to amendment. (*Id.*) In that same order, Plaintiff was
11 directed that, if she chose to file a second amended complaint, she was required to either make a
12 showing of imminent danger of serious physical injury in her allegations, or to show cause in a
13 separate writing filed concurrently with any second amended complaint as to why her IFP status
14 should not be revoked. (*Id.*)

15 Plaintiff filed the Second Amended Complaint on January 11, 2011, and has
16 subsequently filed four motions to support and/or amend it. (Docs. 20, 22, 24, 25, 26.) In the
17 Second Amended Complaint, Plaintiff names past Warden Mary Lahimore and Dr. A. Vasudeva
18 as the defendants and only alleges:

19  I am in inminent [sic] danger of suffer [sic] an irreparable injury, I have
    cancer in my tongue and Doctor Vasudeva is refusing to do any treatment
20  nor give [sic] ice chrono for the burning in my tongue. I am being
    victimized with harassment. It cause me mental distress and mental pain
21  and I am in danger of suffer [sic] an [sic] heart attack. I have chest pain
    [sic] all of the time caused for [sic] this harassment. I have cancer in my
22  foot and [sic] denied medical care. I am being housed with a mentally ill
    inmate and have no heat in my room. These 2 claims violate my federal
23  rights of the 8th Amendment.

24 (Doc. 20, 2nd AC, p. 3.) In Plaintiff's "Motion to Support the Complaint," she alleges that an
25 outside dentist told her that she had symptoms of tongue cancer and that Dr. Vasudeva did not
26 conduct an adequate examination and failed to order treatment, biopsy, or other specialized care
27 for her condition. (Doc. 22, Mot. to Sup. 2nd AC, pp. 1-2.) Plaintiff sent a medical grievance
28 on this condition to Dr. Vasudeva which was not answered. (*Id.*, at p. 3.)

2

1    In Plaintiff's first "Motion Asking Permission to Amend the Complaint," she states that
2 Officer Gonzales is not in charge of her and that M.Guzman is the officer who has been
3 harassing her for ten years and has stopped the kitchen workers from giving out ice because he
4 knows they give it to her and it is the only thing that relieves the burning sensation on her
5 tongue. (Doc. 24, 1st Mot. To Amend 2nd AC, 1:17-2:6.)  In that same motion, Plaintiff states
6 that she needs the ice because the cancer has spread to her throat, palate, and gums. (*Id.*, at
7 2:14-18.)

8    In Plaintiff's second "Motion Asking Permission to Amend the Complaint," she states
9 that two other cell-mates are being paid[2] to place "a very poisonous-substance in [her] nose"
10 which causes her tremendous pains throughout her body, mental distress, and chest pain which
11 amount to attempted murder since she has heart problems. (Doc. 25, 2nd Mot. to Amend 2nd
12 AC.)

13    In her third "Motion Asking Permission to Amend the Complaint," Plaintiff states that
14 she has asked L. Frutos, F.N.P. and Dr. Ezenwngo to order a biopsy and to treat her tongue
15 cancer, but that they refuse and have also denied issuing an "ice-chrono" to relieve the burning
16 and pain that she experiences. (Doc. 26, 3rd. Mot. to Amend. 2nd AC, 1:19-2:6.)  Plaintiff also
17 states that "C/O M. Guzman is stopping the doctors" (*id.*, at 2:6) and that she needs to name
18 Nurse Furtos and Dr. Ezenwngo as defendants since Dr. Vasudeva was fired (*id.*, at 2:7-9).
19 Plaintiff also states that Dr. Ezenwngo told her that, even though she is in pain, her pain
20 medicine would be stopped in thirty (30) days. (*Id.*, at 2:12-18.)

21    Based on the foregoing, it is apparent that Plaintiff may be able to state cognizable
22 claims under the Eighth Amendment both as to deliberate indifference to her medical condition
23 and due to the conditions of her confinement.  Accordingly, she is being given one last
24 opportunity to file an amended complaint.  However, leave to amend is limited to claims under
25 the Eighth Amendment regarding both the care and treatment of Plaintiff's cancer and the
26 conditions of her confinement that are aggravating her heart condition.  To that end, Plaintiff's

27

28    [2] Plaintiff does not indicate who is paying her cell-mates to do this.

various motions to supplement and/or amend the Second Amended Complaint are granted and Plaintiff is, once again, given the applicable pleading and legal standards.

### A. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Iqbal.* at 1949; *see also Twombly*, 550 U.S. at 556-557; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

If Plaintiff chooses to file a third amended complaint, she should endeavor to make it as concise as possible. Plaintiff should merely state which of her rights under the Eighth Amendment she believes were violated by Officer Guzman and any applicable medical providers.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In the Second Amended Complaint, Plaintiff failed to link Warden Lahimore to any of her factual allegations and failed to name Officer Guzman, Nurse Frutoz, and Dr. Ezenwngo as Defendants *and* to link them to any of her factual allegations. Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against

5

different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

It appears that Plaintiff's claims may be related as they are all based on her tongue cancer (i.e., the care and treatment of her tongue cancer and harassment in the form of denying her access to ice chips to ameliorate the concomitant pain). The fact that claims are premised on harassing motives and/or deliberate indifference to Plaintiff's serious medical needs do not make them related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event, or claims against a common defendant. If Plaintiff chooses to file a third amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### 4. Exhibits

Plaintiff has attached several pages of exhibits to the Second Amended Complaint, but neither specifically refers to them, nor states their intended purpose.

Plaintiff was previously advised that the Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to a third amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or provide a similar notation to direct the Court to the specific exhibit Plaintiff is referencing in support of any given allegation. If the exhibit consists of more than one page, Plaintiff must reference a specific page of the exhibit in her pleading (i.e., "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. For screening purposes, it is assumed that Plaintiff's factual allegations are true. It is unnecessary for Plaintiff to submit exhibits in support of the

6

allegations in a complaint.  Thus, if Plaintiff chooses to file a third amended complaint, she should simply state the facts upon which she alleges her constitutional rights were violated and refrain from submitting exhibits.

**D.     Claims for Relief**

**1. Eighth Amendment -- Cruel and Unusual Punishment**

A claim of cruel and unusual punishment must be supported by a showing that the state has created risk or inflicted pain pointlessly.  "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (*See Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotations omitted)); *see also Rhodes v. Chapman*, 452 U.S. 337 (1981); *Wilson v. Seiter,* 501 U.S. 294, 289-300 (1991); *Helling v. McKinney*, 509 U.S. 25 (1993).

**a. Excessive Force**

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates."  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

None of Plaintiff's allegations or statements suggest that she was subjected to excessive force, other than perhaps at the hands of other inmates against whom claims under section 1983 are not cognizable.

**b. Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th

1    Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim,

2    and only those deprivations denying the minimal civilized measure of life's necessities are

3    sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

4    503 U.S. 1, 9 (1992). To state a claim for violation of the Eighth Amendment, Plaintiff must

5    allege facts sufficient to support a claim that prison officials knew of and disregarded a

6    substantial risk of serious harm to her. *See, e.g., Farmer*, 511 U.S. at 847; *Frost v. Agnos*, 152

7    F.3d 1124, 1128 (9th Cir. 1998).

8    　　　　Plaintiff states that two other inmates are being paid to place "a very poisonous-

9    substance in [her] nose" which causes tremendous pain throughout her body, mental distress,

10   and chest pain which amount to attempted murder in light of her heart problems. (Doc. 25, 2nd

11   Mot. To Amend 2nd AC.) As stated in prior orders, claims against other inmates are not

12   cognizable as they are not state actors to support a claim under section 1983. However, if

13   Plaintiff knows who is engaging in such conduct and if that person is a state actor, Plaintiff may

14   be able to state a cognizable claim for those actions.

15   　　　　Plaintiff states that ice is the only thing that relieves the burning sensation on her tongue

16   and that M.Guzman (not Gonzales) is the officer who has been harassing her for ten years and

17   has stopped the kitchen workers from giving out ice because he knows they give it to her. (Doc.

18   24, 1st Mot. To Amend 2nd AC, 1:17-2:6.) Plaintiff also states that she needs the ice because

19   the cancer has spread to her throat, palate, and gums. (*Id.*, at 2:14-18.) This does not state a

20   cognizable conditions of confinement claim as it does not show that M. Guzman knew that

21   Plaintiff had a medical need for the ice chips and deliberately thwarted her access to it so as to

22   place her in substantial risk of serious harm.

23   　　　　Plaintiff's allegations that she is being housed with a mentally ill inmate and has no heat

24   in her room do not state a cognizable claim as they are not sufficiently specific to show a denial

25   of the minimal civilized measure of life's necessities, or exposure to a substantial risk of serious

26   harm that prison personnel were aware of. (Doc. 20, 2nd AC, p. 3.) None of these allegations

27   separately, or in combination, amount to a grave deprivation of life's necessities so as to form a

28   cognizable claim under the Eighth Amendment regarding the conditions of Plaintiff's

confinement.

### c. Deliberate Indifference to Serious Medical Needs

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991) *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Both Plaintiff's cancer and heart condition appear to constitute a serious medical need.

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. *Farmer*, 511 U.S. at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986) *abrogated in part on other grounds*

9

by *Sandin v. Conner*, 515 U.S. 472 (1995) (citing *Estelle*, 429 U.S. at 104-05); *see also Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin*, 974 F.2d at 1059.  Delay of, or interference with, medical treatment can also amount to deliberate indifference.  *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Jackson*, 90 F.3d at 332; *McGuckin* 974 F.2d at 1059; *Hutchinson v. Untied States,* 838 F.2d 390, 394 (9th Cir. 1988).

However, where a delay of medical treatment is alleged to evince deliberate indifference, the prisoner must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin* 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).  Only delays that cause substantial harm violate the Eighth Amendment.  *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (citing *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990).  Substantial harm is not present when the inmate's condition does not require emergency attention.  *Wood*, 900 F.2d at 1335 (citing *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).  Harm for which prescription pain killers is the only remedy immediately available does not constitute substantial harm in violation of the Eight Amendment.  *Wood*, 900 F.2d at 1335.

Plaintiff states a cognizable claim against Dr. Vasudeva based on her allegations that she has tongue cancer and he has refused to give her treatment and a chrono so that she can have ice to relieve the burning sensation, and that she has cancer in her foot for which she is not receiving treatment.  (Doc. 20, 2nd AC, p. 3.)  This is bolstered by Plaintiff's statements that an outside dentist told her that she had symptoms of tongue cancer and that Dr. Vasudeva did not conduct an adequate examination, failed to order treatment, a biopsy, or other specialized care for her condition (Doc. 22, Mot. to Sup. 2nd AC, pp. 1-2); that Plaintiff sent a medical grievance on this condition to Dr. Vasudeva which he did not answer (*id.*, at p. 3); and that the cancer has spread to her throat, palate, and gums.  (Doc. 24, 1st Mot. to Amend 2nd AC, 2:14-18.)

1     As stated in prior orders, Plaintiff's allegations that she is "being victimized with
2 harassment" do not state a claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987),
3 *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). These allegations are not cognizable even
4 considering Plaintiff's additional allegations (that the harassment causes her mental distress,
5 anguish, chest pain, and places her in danger of suffering a heart attack) as Plaintiff states
6 neither whom is responsible for the harassment, nor whether that person is aware that she has a
7 heart condition and that such harassment is causing her to be placed in danger of serious
8 physical injury.

9     Plaintiff states that ice is the only thing that relieves the burning sensation on her tongue
10 and that M.Guzman has been harassing her and has stopped the kitchen workers from giving out
11 ice because he knows they give it to her. (Doc. 24, 1st Mot. To Amend 2nd AC, 1:17-2:6.)
12 Plaintiff also states that she needs the ice because the cancer has spread to her throat, palate, and
13 gums. (*Id.*, at 2:14-18.) This allegation does not state a cognizable conditions of confinement
14 claim as it does not show that M. Guzman knew that Plaintiff had a medical need for the ice
15 chips and deliberately thwarted her access to it so as to cause her pain. Additionally, even if M.
16 Guzman was aware that ice chips relieved the pain in Plaintiff's throat, Plaintiff would not be
17 able to state a cognizable claim as denial/delay in receipt of prescriptive pain medications does
18 not violate the Eighth Amendment, *Wood*, 900 F.2d at 1335.

19     Plaintiff states that she has asked L. Frutos, F.N.P. and Dr. Ezenwngo to order a biopsy
20 and to treat her tongue cancer, but that they have refused and have also denied issuing an "ice-
21 chrono" to relieve the burning and pain that she experiences. (Doc. 26, 3rd. Mot. To Amend.
22 2nd AC, 1:19-2:6.) Plaintiff also states that "C/O M. Guzman is stopping the doctors." (*Id.*, at
23 2:6.) Plaintiff states that she needs to name Nurse Furtos and Dr. Ezenwngo as defendants since
24 Dr. Vasudeva was fired (*id.*, at 2:7-9) and Dr. Ezenwngo told her that although she is in pain,
25 her pain medication would be stopped in thirty (30) days (*id.*, at 2:12-18). Plaintiff may be able
26 to state a cognizable claim against Nurse Frutos and Dr. Ezenwngo if she is able to show that
27 they denied and/or delayed her medical treatment in deliberate indifference to her cancer and
28 that their actions caused her substantial harm. However, if Plaintiff was not seen by Nurse

11

Frutos and Dr. Ezenwngo until after she initiated this action, Plaintiff would not have been able to exhaust her administrative remedies as to those claims.  Further, Plaintiff may pursue her claims against Dr. Vasudeva even if he is no longer employed by the CDCR, and Nurse Frutos and Dr. Ezenwngo are not liable for Dr. Vasudeva's actions simply because they have taken over Plaintiff's medical care.

### 2. Supervisory Liability

It appears that Plaintiff intends to pursue a claim against Warden Lahimore based on her past supervisory position.  As stated in prior orders, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal,* 129 S.Ct. at 1949.  "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."  *Id.*  Knowledge and acquiescence of a subordinate's misconduct are insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

Plaintiff fails to link Warden Lahimore to any of her factual allegations.  Thus, she fails to show that Warden Lahimore personally participated in, knew of and failed to act, or promulgated or implemented a policy that was the moving force of a constitutional violation.

### 3. Revocation of IFP status

As noted previously, Plaintiff is a three-strikes filer under 28 U.S.C. § 1915(g). In her original complaint, Plaintiff alleged that she had extremely high blood pressure and that the harassing circumstances under which she was housed caused her blood pressure to rise, placing her at risk of a heart attack and/or stroke; she attaches copies of medical records showing high blood pressure readings. (Doc. 1.) This was accepted to show that Plaintiff was "under imminent danger of serious physical injury" such that Plaintiff's IFP application was granted. However, the Second Amended Complaint makes only vague references to Plaintiff's blood pressure which does not equate to a showing of imminent danger. While Plaintiff alleges that her tongue cancer has spread, she has not demonstrated that it was preventable in the Second Amended Complaint and must do so if she intends to rely on this allegation to establish an imminent danger.

The determination as to whether there is an "imminent danger of serious physical injury" under § 1915(g) is made on the basis of the conditions at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007). However, it now appears that Plaintiff's action may not have been filed as a result of her imminent danger of serious physical injury. Accordingly, if Plaintiff chooses to file a third amended complaint she must either make a showing that she is under imminent danger of serious physical injury, or show cause in a separate writing filed concurrently with any third amended complaint as to why her IFP status should not be revoked.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's motions to supplement or amend are granted and the Second Amended Complaint is dismissed, with leave to file a third amended complaint within thirty days -- restricted solely to claims for violation of her rights under the Eighth Amendment related to the allegations and statements discussed in this order. If Plaintiff needs an extension of time to comply with this order, she shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

///

1  Plaintiff must demonstrate in any third amended complaint how the conditions
2 complained of have resulted in a deprivation of her constitutional rights, *see Ellis v. Cassidy*,
3 625 F.2d 227 (9th Cir. 1980), and must allege in specific terms how any defendants she names
4 are affirmatively linked or connected to a claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362
5 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740,
6 743 (9th Cir. 1978).

7  Plaintiff's third amended complaint should be brief.  Fed. R. Civ. P. 8(a).  It need
8 contain no more than a short and plain statement to "give the defendant fair notice of what the ...
9  claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544,
10 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the
11 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ..."
12 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

13  Plaintiff is further advised that a third amended complaint supercedes the original
14 complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814
15 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or
16 superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged
17 in an original complaint which are not alleged in an amended complaint are waived." *King*, 814
18 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord*
19 *Forsyth,* 114 F.3d at 1474.

20  Plaintiff has been given extensive direction as to what she must do to state cognizable
21 claims.  Plaintiff is provided **one last opportunity** to cure the deficiencies in her pleading,
22 restricted to solely alleging claims for violation of her rights under the Eighth Amendment
23 related to the allegations and statements discussed in this order.  *Noll v. Carlson*, 809 F.2d 1446,
24 1448-49 (9th Cir. 1987).  As Plaintiff has been provided with information and direction, if she
25 does not comply with the standards stated thus far in this case, the court will infer that she is
26 unable to cure deficiencies in her pleading and her case will be dismissed.  Plaintiff is reminded
27 that she may not change the nature of this suit by adding new, unrelated claims in a third
28 amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to amend and/or supplement the Second Amended Complaint (Docs. 22, 24, 25, 26) are GRANTED;
2. Plaintiff's Second Amended Complaint is dismissed, with leave to amend solely to state claims based on violation of her rights under the Eighth Amendment related to the allegations and statements discussed in this order;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a third amended complaint curing the deficiencies identified in this order;
5. If Plaintiff chooses to file a third amended complaint, she must either make a showing that she is under imminent danger of serious physical injury in her allegations, or show cause in a separate writing filed concurrently with any third amended complaint as to why her IFP status should not be revoked; and
6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 13, 2011**                              /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE