# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>            Plaintiff,<br><br>    v.<br><br>LAHIMORE, et al.<br><br>            Defendant.<br>_____/ | 1:10-cv-00913-SKO (PC)<br><br>ORDER SCREENING THIRD AMENDED COMPLAINT, FINDING COGNIZABLE CLAIMS STATED AGAINST DEFENDANT GUZMAN FOR VIOLATION OF THE EIGHTH AMENDMENT; DISMISSING ALL OTHER CLAIMS AND DEFENDANTS; AND DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS<br><br>(Docs. 28, 29, 30, 31) |

**I.    SCREENING ORDER**

Plaintiff, Isabel Tubach, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 21, 2010. (Doc. 1.) Plaintiff is a three-strikes filer under 28 U.S.C. § 1915(g).[1] In the Complaint, Plaintiff alleged that she had extremely high blood pressure, that the harassing circumstances under which she was housed cause her blood pressure to rise placing her at risk of a heart attack and/or stroke, and attached copies of medical records showing high blood pressure readings. (Id.) This was accepted as a showing that Plaintiff was "under imminent danger of serious physical injury" and, in accordance with 28 U.S.C. §

---

[1] Plaintiff received a strike under section 1919(g) in each of the following cases: Tubach v. Gomez, CV-F-97-5549-OWW-DLB, dismissed as frivolous on 10/17/1997; Tubach v. Farmon, CV-F-96-5551-REC-SMS, dismissed as frivolous on 02/24/1998; and Tubach v. Rilly, CV-F-98-5603-REC-HGB dismissed as frivolous on 03/12/1999.

1

1  1915(g), Plaintiff's IFP application was granted.  (Doc. 4.)  However, the Complaint was
2  dismissed for Plaintiff's failure to sign the pleading and Plaintiff was provided the standards for
3  the claims that it appeared she intended to pursue.  (Doc. 9.)
4      Plaintiff filed the First Amended Complaint on September 8, 2010.  (Doc. 13.)  On
5  screening, the court found that Plaintiff failed to state any cognizable claims, failed to state
6  allegations relating to her blood pressure, and that the vast majority of her allegations would not
7  ever state cognizable claims even if amendment were allowed.  (Doc. 16.)  Consequently, the
8  First Amended Complaint was dismissed with leave to amend solely claims that Plaintiff may
9  pursue against Officer Gonzales, as that was the only aspect of her allegations that appeared
10  amenable to amendment.  (Id.)  If Plaintiff chose to file a second amended complaint, she was
11  directed to either make a showing of imminent danger of serious physical injury in her
12  allegations, or to show cause in a separate, concurrently filed, writing as to why her IFP status
13  should not be revoked.  (Id.)
14      Plaintiff filed the Second Amended Complaint on January 11, 2011 and subsequently
15  filed four motions to support and/or amend the complaint.  (Docs. 20, 22, 24, 25, 26.)  Upon
16  screening, Plaintiff's motions to amend and/or supplement the Second Amended Complaint
17  (Docs. 22, 24, 25, 26) were granted and the Second Amended Complaint was dismissed.  Leave
18  to amend was granted for the sole purpose of stating claims under the Eighth Amendment
19  regarding both the care and treatment of Plaintiff's oral cancer and the conditions of her
20  confinement which aggravate her heart condition.  (Doc. 27, pp. 3-4, 15.)
21      Plaintiff filed the Third Amended Complaint (Doc. 28) and subsequently filed three
22  motions seeking temporary restraining orders (Docs. 29, 30, 31).
23  **II.    THE THIRD AMENDED COMPLAINT -- PLAINTIFF'S ALLEGATIONS**
24      Plaintiff complains of acts that occurred at Central California Women's Facility
25  ("CCWF") in Chowchilla, California.  Plaintiff names only Correctional Officer M. Guzman
26  and Dr. Ezenwngo as Defendants in this action and seeks injunctive relief.
27      At best, Plaintiff's allegations are rambling and disjointed – though this appears to be the
28  best she is able to do as it is the style in which she has written each of her pleadings thus far.

The Court has done its best to ascertain the claims and prison personnel that Plaintiff is attempting to pursue. If Plaintiff's averments have not been correctly understood, she has only herself to blame. See McHenry v. Renne 84 F.3d 1172, 1180 (9th Cir. 1996).

Plaintiff alleges that Defendant Guzman incites her cell-mates to poison Plaintiff and to provoke her to have a heart attack (Doc. 28, 3rd AC, pp. 3, 5-8); stops Defendant Dr. Ezenwngo from treating her oral cancer (id., at pp. 3, 9); and stops and denies her an "ice-chrono" which he is aware is the only relief for the burning caused by Plaintiff's oral cancer (id., at pp. 3, 9).

Plaintiff states that she wants to charge Defendant Guzman with attempted murder and that Defendant Guzman has subjected her to cruel and unusual punishment. While Plaintiff does not specifically state which of her constitutional rights she believes Defendant Dr. Ezenwngo violated, the only claim that it appears Plaintiff could possibly intend to pursue against Defendant Dr. Ezenwngo is for deliberate indifference to her serious medical needs in violation of the Eight Amendment.

Plaintiff states a cognizable claim against Defendant Guzman for violation of her rights under the Eighth Amendment. However, her allegations do not state a cognizable claim against Dr. Ezenwngo. Accordingly, as discussed below, Plaintiff is allowed to proceed against Defendant Guzman for violation of her rights under the Eight Amendment. All other claims and Defendants are dismissed.

**A.     Pleading Requirements**

      **1. Federal Rule of Civil Procedure 8(a)**

As stated in the prior screening order[s], "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9

(1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal. at 1949;  *see also* Twombly, 550 U.S. at 556-557; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### 2. Linkage Requirement

As set forth in the prior screening orders, the Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.

4

1  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2  In the rambling allegations of the Third Amended Complaint, Plaintiff mentions the
3  names of various prison personnel other than Defendants Guzman and Dr. Ezenwngo.
4  However, she fails to link anyone other than Defendants Guzman and Dr. Ezenwngo to her
5  claims and injuries and fails to identify anyone other than Guzman and Dr. Ezenwngo as
6  Defendants in this action.

7  For example, Plaintiff states that she complained of Defendant Guzman's actions via
8  "602," but that they were not processed.  (Doc. 28, 3rd AC, pp. 4-5.)  Plaintiff may raise the lack
9  of processing of her inmate appeals if Defendants assert that she did not exhaust her
10 administrative remedies.  Jones v. Bock, 549 U.S. 199 (2007).  However, the handling and/or
11 mishandling of her inmate appeals does not rise to the level of a cognizable claim.  Azeez v.
12 DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord* Buckley v. Barlow, 997 F.2d 494, 495
13 (8th Cir. 1993); *see also* Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty
14 interest in processing of appeals because no entitlement to a specific grievance procedure);
15 Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers
16 no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Thus,
17 handling and/or mishandling of inmate appeals is insufficient to link any prison personnel to the
18 underlying issue(s) complained of therein.  Further, Plaintiff's allegation that she sent letters to
19 the Governor and Warden without result is inconsistent with the letters from the Warden and/or
20 persons acting on the Warden's behalf explaining the results of their investigation into her
21 complaints and the inability to confirm any of Plaintiff's allegations.  (*See* Doc. 28, pp. 16-18.)

22 The prior screening order stated that to proceed, Plaintiff must link each named
23 defendant with some affirmative act or omission that demonstrates a violation of her federal
24 rights.  Since Plaintiff has failed to do so, all persons other than Defendant Guzman and
25 Defendant Dr. Ezenwngo must be dismissed from this action.

26 **B.  Claims for Relief**
27 **1. Eighth Amendment -- Cruel and Unusual Punishment**
28 One who makes a claim of cruel and unusual punishment must show that the state has

created risk or inflicted pain pointlessly. "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (*See* Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir. 1995) (*citing* Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted)); *see also* Rhodes v. Chapman, 452 U.S. 337 (1981); Wilson v. Seiter, 501 U.S. 294, 289-300 (1991); Helling v. McKinney, 509 U.S. 25 (1993).

### a. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to set forth a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). To state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to her. *E.g.,* Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff states Defendant Guzman incites her cell-mates to place poison in her nose and to provoke her to have a heart attack. (Doc. 28, 3rd AC, pp. 3, 5-8.) Plaintiff alleges that her cell-mates hold her down to place the poison in her nose which caused her to become unable to speak, breathless, and caused her blood pressure to climb to "230" for which she was taken to the hospital. (Id., at pp. 5-6.) These allegations state a cognizable claim under the Eighth Amendment against Defendant Guzman regarding the conditions of Plaintiff's confinement.

However, Plaintiff's allegation that Defendant Guzman "has been harassing" her for ten years (Doc. 28, 3rd AC, p. 4) is nothing more than a conclusory statement which is insufficient to state a claim. Iqbal, 129 S.Ct. at 1949. Even if it contained detailed factual matter, verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

6

### b. Excessive Force

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." Farmer, 511 U.S. 825; Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also* Vaughan v. Ricketts, 859 F.2d 736, 741 (9th Cir.1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834 (*quoting* Rhodes, 452 U.S. at 347). None of Plaintiff's allegations or statements suggest that she was subjected to excessive force.

### c. Deliberate Indifference to Serious Medical Needs

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991) *overruled on other grounds* WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer, 511 U.S. at 834. Both Plaintiff's cancer and heart condition appear to constitute a serious medical need.

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of

7

the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (*quoting* Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (*quoting* Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986) *abrogated in part on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995) (*citing* Estelle, 429 U.S. at 104-05); *see also* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059.  Delay of, or interference with, medical treatment can also amount to deliberate indifference.  *See* Jett, 439 F.3d at 1096; Clement, 298 F.3d at 905; Hallett, 296 F.3d at 744; Lopez, 203 F.3d at 1131; Jackson, 90 F.3d at 332; McGuckin, 974 F.2d at 1059; Hutchinson v. Untied States, 838 F.2d 390, 394 (9th Cir. 1988).

However, where a delay of medical treatment is alleged to evince deliberate indifference, the prisoner must show that the delay led to further injury.  *See* Hallett, 296 F.3d at 745-46; McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).  Only delays that cause substantial harm violate the Eighth Amendment.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (*citing* Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).  Substantial harm is not present when the inmate's condition does not require emergency attention.  Wood, 900 F.2d at 1335 (*citing* Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  Harm for which prescription pain killers is the only remedy immediately available does not constitute substantial harm in violation of the Eight Amendment.  Wood, 900 F.2d at 1335.

Plaintiff alleges that Defendant Guzman is stopping Defendant Dr. Ezenwngo from treating her tongue cancer and it has spread to her throat, palate, and gums.  (Doc. 28, 3rd AC, p.

8

3.) Plaintiff also states that Defendant Guzman is aware of her condition and knows that ice chips are the only thing that relieves the burning in the areas where she has cancer, but that he "is stopping and denying a [sic] ice-chrono." (Id.) Plaintiff alleges that Defendant Guzman gives her cell-mates poison, sends them to put it in her nose, and encourages them to harass and provoke Plaintiff into having a heart attack which has actually caused her to have two heart attacks. (Id., at pp. 3, 8, 9.) This states a cognizable claim against Defendant Guzman for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment.

Plaintiff's only allegations against Defendant Dr. Ezenwngo are found in an exhibit to the Third Amended Complaint. Plaintiff states that she asked Defendant Dr. Ezenwngo to order a biopsy of the cancer in her tongue several times and that Dr. Ezenwngo stated that she will do so, but nobody has called Plaintiff "for transportation." (Doc. 28, 3rd AC, Exh. 2, p. 15.) The allegation that Defendant Dr. Ezenwngo stated she will order a biopsy does not amount to a deliberate indifference to Plaintiff's serious medical need. This allegation does not establish that Defendant Dr. Ezenwngo intentionally chose not to treat Plaintiff's tongue cancer; it instead demonstrates Dr. Ezenwngo's knowledge of a medical need and the intent to treat it – which for unknown reasons, not accomplished.

Plaintiff also alleges that Defendant Dr. Ezenwngo "is refusing to give a chrono for ice" and that Plaintiff thinks "that is stopped by" Defendant Guzman, but that Defendant Dr. Ezenwngo "is responsible." These allegations are also insufficient as harm from a denial of ice chips does not constitute substantial harm in violation of the Eight Amendment. Wood, 900 F.2d at 1335.

As Plaintiff fails to state a cognizable claim against Defendant Dr. Ezenwngo, this defendant is properly dismissed from this action.

    **2.  IFP status**

As previously noted, Plaintiff is a three-strikes filer under 28 U.S.C. § 1915(g). In the original Complaint, Plaintiff alleges that she has extremely high blood pressure and that her harassing housing circumstances cause her blood pressure to rise, placing her at risk of a heart

9

attack and/or stroke and attaches copies of medical records showing high blood pressure readings. (Doc. 1.) This was accepted as a showing of "imminent danger of serious physical injury"; thus, Plaintiff's IFP application was granted. However, the Second Amended Complaint made only vague references to Plaintiff's blood pressure which did not equate to an imminent danger. Plaintiff was directed that, if she chose to file a third amended complaint, she must either make a showing of imminent danger of serious physical injury in her allegations, or show cause in a concurrently filed separate writing as to why her IFP status should not be revoked. (Doc. 72, p. 13.)

In the Third Amended Complaint, Plaintiff states that because of Defendant M. Guzman's actions, she suffered a heart attack on June 12, 2011, and when she was taken to the hospital, her "blood pressure was 230." (Doc. 28, 3rd AC, p. 5.) While Plaintiff does not distinguish whether the 230 was a systolic or diastolic reading, that number in either category and the recent heart attack constitute a sufficient showing of imminent danger of serious physical injury to allow Plaintiff to proceed IFP in this action.

### 3. Injunctive Relief

Plaintiff seeks only injunctive relief as she requests that Defendant M. Guzman be stopped, that "the authority that the [sic] P. Johnson has given to" Defendant M. Guzman be taken away, and that her current cellmates (Price WA-8235, Bells X-09642, and Lopez WA-1269) be moved to another unit so Plaintiff is out of their reach. (*See* Doc. 28, 3rd AC, pp. 3, 5-6, 10.) Plaintiff has also filed three requests for temporary restraining orders effectively seeking the same relief which are construed as motions for preliminary injunction. (Docs. 29, 30, 31.)

In the Third Amended Complaint, Plaintiff seeks an injunction. Plaintiff alleges that Defendant M. Guzman, knowing that Plaintiff has high blood-pressure, has been and continues to pay her cellmates "with canteen" in exchange for their placing poisonous substances in Plaintiff's nose and harassing Plaintiff. (Doc. 28, 3rd AC, pp. 4-8.) Plaintiff alleges that as a result of these actions, she has suffered two heart attacks and that her blood pressure was 230 when she was taken to the "medical room." (Id., at p. 5.) Plaintiff alleges that Defendant Guzman is in charge to "watche [sic] over" her (id., at p. 4) and requests that the Warden be

ordered "to take M. Guzman the authority that Pl Johnson has given to him" (id., at p. 3), and that Plaintiff's current cellmates be moved to another unit so Plaintiff is out of their reach (id., at p. 10).

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Id., at 24 (citations and quotations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief. Id., at 22. Requests by inmates for prospective relief are also limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal Right."

Further, for each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 503 (Nov. 01, 2010). This requires Plaintiff to "show that [s]he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

For screening purposes, "[a]n inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . .

. ." Farmer, 511 U.S. at 845-46 (citations and quotations omitted).  While the allegations in the Third Amended Complaint are sufficient to state a claim on which this action may proceed, at the pleading stage, the Court is not in a position to address the merits of the claim which requires submission of evidence as opposed to merely determining whether a claim has been stated.  Barrett v. Belleque, 544 F.3d 1060 (9th Cir. 2008).

Although Plaintiff is entitled to all inferences in her favor at the pleading stage, her lay opinions as to her medical condition and its cause are insufficient to clearly show that she is entitled to the relief she seeks at this time.  Winter, 555 U.S. at 22.  While Plaintiff has filed medical records in this action, an expert opinion is required as the Court is unable to interpret or draw medical conclusions from the records submitted.  Further, without more, the mere pendency of this action does not provide the Court with jurisdiction to issue an order to the Warden – a non-party – regarding Plaintiff's current medical treatment, housing placement, and/or work assignments of prison employees at this early stage in the litigation.

Accordingly, Plaintiff's requests for temporary restraining orders are denied without prejudice for failure to present sufficient preliminary evidence to establish standing and for lack of jurisdiction.[2]

**II.   CONCLUSION and ORDER**

Plaintiff states a cognizable claim against Defendant M. Guzman for violation of her rights under the Eighth Amendment, but fails to state any claims against any other persons. Since the Third Amended Complaint is Plaintiff's fourth effort at pleading cognizable claims, further leave to amend will not be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's Third Amended Complaint, filed June 21, 2011, against Defendant M. Guzman for violation of the Eighth Amendment arising from the conditions of Plaintiff's confinement and for deliberate

---

[2] While Plaintiff is allowed to proceed on the claims found cognizable herein, she is reminded that the only relief she is pursuing in this action is injunctive.  Thus, Plaintiff should be mindful that she must comply with the above and other litigation standards as this case progresses.

indifference to her serious medical needs;

2. All other claims and Defendants are dismissed for failure to state a claim upon which relief may be granted;

3. The Clerk's Office shall terminate all Defendants in this action other than Defendant M. Guzman;

4. The caption in this case is hereby RENAMED to <u>ISABEL TUBACH v. M. GUZMAN</u>;

5. The new case name (or the shortened version, <u>TUBACH v. GUZMAN</u>) must be used on all future documents filed with the Court; and

6. Plaintiff's motions for temporary restraining orders, filed June 24, 2011, June 28, 2011, and November 4, 2011 (Docs. 29, 30, 31), are DENIED without prejudice for failure to present sufficient preliminary evidence to establish standing and for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   December 9, 2011**                        /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE