1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ISABEL TUBACH,                                    CASE NO. 1:10-cv-00913-AWI-SMS (PC)

10                          Plaintiff,        **AMENDED SECOND INFORMATIONAL
                                               ORDER - NOTICE AND WARNING OF
11           v.                                REQUIREMENTS FOR OPPOSING
                                               DEFENDANTS' MOTION TO DISMISS**
12   GUZMAN, et al.,
                                               (Doc. 42)
13                          Defendants.
     _____/
14

15        Plaintiff is proceeding pro se in this civil action.  Defendants filed a motion to dismiss for

16  failure to exhaust on March 12, 2012, and pursuant to <u>Woods v. Carey</u>, Nos. 09-15548, 09-16113,

17  2012 WL 262 6912 (9th Cir. Jul. 6, 2012) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003), the

18  Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

19        1.  Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule

20  230(l).

21        2.  Plaintiff is required to file an opposition or a statement of non-opposition to Defendants'

22  motion to dismiss.  Local Rule 230(l).  <u>If Plaintiff fails to file an opposition or a statement of non-</u>

23  <u>opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u>  The

24  opposition or statement of non-opposition must be filed not more than 21 days after the date of

25  service of the motion.  <u>Id.</u>

26        3.  Defendants have filed a motion to dismiss for failure to exhaust the administrative

27  remedies as to one or more claims in the complaint.  The failure to exhaust the administrative

28  remedies is subject to an unenumerated Rule 12(b) motion to dismiss.  <u>Wyatt</u>, 315 F.3d at 1119

1

1  (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1988)

2  (per curiam)).  In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the

3  pleadings and decide disputed issues of fact.  <u>Wyatt</u>, 315 F.3d at 1119-20 (quoting <u>Ritza</u>, 837 F.2d

4  at 368).  If the Court concludes that Plaintiff has not exhausted the administrative remedies, the

5  unexhausted claims must be dismissed and the Court will grant the motion to dismiss.  <u>Wyatt</u>, 315

6  F.3d at 1120.  If all of the claims are unexhausted, the case will be dismissed, which means

7  Plaintiff's case is over.  If some of the claims are exhausted and some are unexhausted, the

8  unexhausted claims will be dismissed and the case will proceed forward only on the exhausted

9  claims.  <u>Jones v. Bock</u>, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007).  A dismissal for

10  failure to exhaust is without prejudice.  <u>Wyatt</u>, 315 F.3d at 1120.

11          If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust

12  the administrative remedies, Plaintiff may not simply rely on allegations in the complaint.  Instead,

13  Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting

14  other evidence regarding the exhaustion of administrative remedies.  <u>See</u> Fed. R. Civ. P. 43(c); <u>Ritza</u>,

15  837 F.2d at 369.  If Plaintiff does not submit his own evidence in opposition, the Court may conclude

16  that Plaintiff has not exhausted the administrative remedies and the case will be dismissed.

17          4.  Unsigned declarations will be stricken, and declarations not signed under penalty of

18  perjury have no evidentiary value.

19          5.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure,

20  or the Local Rules of the Eastern District of California may result in the imposition of sanctions

21  including but not limited to dismissal of the action or entry of default.

22  IT IS SO ORDERED.

23  **Dated:    August 14, 2012                          /s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28