1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6   ISABEL TUBACH,                                    CASE NO. 1:10-cv-913 AWI SMS (PC)

7                         Plaintiff,                  ORDER GRANTING DEFENDANT'S
                                                       MOTION TO DISMISS, DENYING ALL
8          v.                                          OTHER PENDING MOTIONS AS MOOT,
                                                       AND DISMISSING ACTION WITHOUT
9   LAHIMORE, et al.,                                 PREJUDICE FOR FAILURE TO EXHAUST

10                        Defendants.                 (Docs. 39, 41-45, 47, 52-57, 63)

11

12   _____/

13

14

**I.      Procedural History**

Plaintiff, Isabel Tubach ("Plaintiff"), is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

May 21, 2010.[1]  (Doc. 1.)  However, the Court is proceeding on Plaintiff's Third Amended

Complaint, filed June 21, 2011, against Defendant M. Guzman ("Defendant") for violation of the

Eighth Amendment arising from the conditions of Plaintiff's confinement and for deliberate

indifference to her serious medical needs.  (Docs. 28, 33, 34.)

On March 12, 2012, Defendant filed a motion to dismiss for failure to exhaust the

available administrative remedies.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).  Plaintiff filed an

opposition,[2] to which Defendant replied.  (Docs. 64, 65.)  The matter is deemed submitted.  Local

Rule 230(l).

---

[1] The Court may take judicial notice of court records and therefore, Defendant's request for judicial notice is granted.  United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008); United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004).

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on both December 27, 2011 and August 15, 2012.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003); (Docs. 37-1, 61.)

**II.    Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995  (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006).

The failure to exhaust in compliance with the PLRA is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**III.   Discussion**

**A.    Factual Allegations**

At all times relevant, Plaintiff was a state inmate in the custody of the CDCR at Central California Women's Facility (CCWF), in Chowchilla, California and Defendant was employed at CCWF as a correctional officer.  (Doc. 28, 3rd.A.C.; Doc. 33, Cog. Claim O.)

Plaintiff alleges that Defendant incited Plaintiff's cellmates to place poison in her nose and to provoke her to have a heart attack.  (Doc. 28, 3rd.A.C.; Doc. 33, Cog. Claim O.)  Plaintiff also alleges that her cellmates held her down to place the poison in her nose which caused her to become unable to speak, to become breathless, and caused her blood pressure to climb to "230" for which she was taken to the hospital.  (Doc. 28, 3rd.A.C.; Doc. 33, Cog. Claim O.)

Plaintiff further alleges that Defendant is stopping Dr. Ezenwngo from treating her tongue cancer, which has spread to her throat, palate, and gums.  (Doc. 28, 3rd.A.C.; Doc. 33, Cog. Claim O.)  Plaintiff claims that Defendant is aware of her condition and knows that ice

chips are her only relief from burning in the areas where she has cancer, but that Defendant "is stopping and denying a [sic] ice-chrono." (Id.)  Plaintiff also alleges that Defendant gives her cellmates poison, sends them to put it in her nose, and encourages them to harass and provoke her into having a heart attack, which has actually caused her to have two heart attacks.  (Id.)

Defendant argues that Plaintiff did not submit any appeals that were accepted at any level of review concerning Defendant's alleged actions.  (Doc. 42, MTD; Foston Decl. ¶¶ 6-9; Hall Decl. ¶¶ 3-7; Zamora Decl. ¶ 5.)

B.   **Defendant's Motion**

1.   **Grievance Procedure**

Before January 28, 2011, to exhaust the appeal process, the inmate had to proceed through four levels of appeal: (1) informal resolution; (2) first formal level; (3) second formal level; and (4) third level appeal to the Director of CDCR.  (Doc. 42-2, MTD; Fotson Decl. ¶ 2.) The informal and first formal level may be bypassed in certain circumstances outlined in Title 15, section 3084.7 of the California Code of Regulations.  (Id.)  In an appeal, the inmate must specifically state each claim and identify each form of relief desired.  (Id., at ¶ 3.)  Failure to identify each claim or the form of relief sought results in a failure to exhaust those issues through the administrative appeal process.  (Id.)  If staff grants only some of the relief requested in the inmate's appeal, or if the inmate believes that he or she is entitled to any other form of relief or otherwise finds the resolution unacceptable for any reason, the inmate must continue the exhaustion process to the third level of review.  (Id., at ¶ 4.)  Therefore, an inmate seeking judicial relief in excess of administrative relief granted at any level must present his or her claim to the third level and this relief remains unexhausted until the examiner renders a decisions at the third level.  (Id.)

The Office of Third Level Appeals ("OTLA") for California Correctional Health Care Services ("CCHCS") was established on August 1, 2008.  (Doc. 42-4, MTD; Zamora Decl. ¶¶ 1, 2.)  OTLA receives and maintains inmate appeals concerning health care that are accepted for review and renders decision on such appeals at the third and final level of review in the inmate appeals process.  (Id., at ¶ 2.)  OTLA did not begin receiving and reviewing complaints against

1   medical staff until November of 2008.  (Id., at ¶ 3.)  The Health Care Appeals and Risk Tracking

2   System ("HCARTS") logs and tracks inmate appeals that have been accepted and adjudicated by

3   OTLA at the third level and by the various prison institutional at the first and second levels of

4   review as well.  (Id., at ¶ 4.)  HCARTS also holds information on appeals that were screened-out

5   and the reason for screening.  (Id.)

6                    **2.      Defendant's Evidence and Argument**

7           Since June of 2000, Plaintiff submitted only one inmate appeal that was accepted for third

8   level review.  (Doc. 42-2, MTD; Fotson Decl. ¶ 6.)  From July 2, 2008 through May 21, 2010,

9   Plaintiff withdrew the four inmate appeals she submitted which were accepted at the first level of

10  formal review.  (Doc. 42-3, MTD; Hall Decl. ¶ 3.)  Information maintained in HCARTS shows

11  that, between August 20, 2007 and May 21, 2010, Plaintiff did not file any appeals that reached

12  OTLA.  (Doc. 42-4, MTD; Zamora Decl. ¶ 5.)  Plaintiff is required to exhaust the prison

13  administrative grievance process on her claims before commencing a lawsuit, but failed to do so

14  in this case.  (Doc. 42-1, MTD, 2:3-4.)  On that basis, Defendant contends his motion to dismiss

15  should be granted.  (Id.)

16         **C.      Plaintiff's Opposition**

17         Plaintiff argues:

18                  . . . my grievances are not processed in the prison, only the ones before
                    sent this complaints processed some, . . . Defendant M. Guzman is
19                  comitting, abuse of authority, because he has power to stop, the
                    grievances 602, Medical Administratives to unable me to the Court
20                  process – my complaints.  M. Guzman is acting premeditated to cause
                    harm me.  I have sent several information to the Warden Ms. Johnson,
21                  through the office of Investigations, but the warden is unable to stop,
                    only the Governor Brown, and he is refusing to take-action.[3]
22
23  (Doc. 64, Opp to MTD, pp. 1-2.)  The remainder of Plaintiff's opposition contains

24  rambling recitations of factual allegations from this action and from events that have apparently

25  happened subsequent to the date she filed this action.  (Id.)  Plaintiff attached copies of five

26  inmate appeals as exhibits to her opposition – all of which are dated subsequent to the date she

27  _____

28       [3] This is a verbatim excerpt of Plaintiff's writing in her opposition – without any effort to correct the
    grammatical and spelling errors as to do so makes it even more difficult for the reader to follow.

                                                    4

1  filed this action.[4]  (Doc. 64, Opp to MTD, pp. 9-14.)

2  **C.   Analysis**

3         The PLRA requires proper exhaustion, which demands compliance with an agency's

4  deadlines and other critical procedural rules, Woodford, 548 U.S. at 90, and prisoners may not

5  satisfy the PLRA by filing untimely or otherwise procedurally defective appeals.  Id. at 83-84;

6  Sapp v. Kimbrell, 623 F.3d 813, 821 (9th Cir. 2010); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th

7  Cir. 2009).  The procedural rules are defined by the institution's grievance procedure and not by

8  the PLRA; therefore, all that is required to properly exhaust under the PLRA is compliance with

9  the institution's grievance procedure.  Jones, 549 U.S. at 218; Sapp, 623 F.3d at 821; Griffin, 557

10 F.3d at 1119.  The doctrine of exhaustion protects administrative agency authority by giving the

11 agency an opportunity to correct its own mistakes before being haled into court, and it

12 discourages disregard of the agency's procedures.  Woodford, 548 U.S. at 89.

13        Plaintiff's bare assertion that her grievances were not processed and that Defendant was

14 abusing his authority and stopping grievances is insufficient to defeat Defendant's motion.  The

15 court is mindful that the failure to respond to a properly filed grievance may result in a finding

16 that exhaustion occurred.  Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize

17 inmate appeals process due to prison officials' conduct or the failure of prison officials to timely

18 advance appeal may justify failure to exhaust); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.

19 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion

20 occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it

21 declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); see

22 also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005).

23        Here, however, Plaintiff has not submitted any evidence demonstrating that she made any

24 efforts to properly file an inmate appeal grieving the facts giving rise to her claims in this action

25 _____

26        [4] Plaintiff filed this action on May 21, 2010.  (Doc. 1, Orig. Compl.) Judicial notice may be taken of court
   records, public records, and administrative materials.  Botelho v. U.S. Bank, N.A., 692 F.Supp.2d 1174, 1178 (N.D.
27 Cal. 2010).  Facts subject to judicial notice may be considered by a court on a motion to dismiss.  Lee v. City of Los
   Angeles, 250 F.3d 668, 689 (9th Cir.2001).  The inmate appeals Plaintiff attached as exhibits to her opposition are
28 dated November 30, 2010, May 11, 2011,  June 30, 2011, April 2, 2012, and May 5, 2012.  (Doc. 64, Opp to MTD,
   pp. 9-14.)

prior to filing her original complaint.  The vague assertion that her grievances were not processed and that Defendant was stopping them from being processed is insufficient to make the requisite showing that exhaustion either occurred or was excused due to some form conduct on the part of prison officials which rendered the appeals process unavailable.  King v. Tracy, 2007 WL 220988, No. 1:06-cv-00108-AWI-SMS PC, *1 (E.D.Cal. Jul. 30, 2007) (motion to dismiss for failure to exhaust granted because no evidence submitted demonstrating an appeal was properly filed in compliance with all applicable procedural rules); Reynolds v. California Dep't of Corr., 2007 WL 1080529, No. 1:05-cv-01014-AWI-SMS PC, *2-3 (E.D.Cal. Apr. 5, 2007) (recommendation that motion to dismiss for failure to exhaust be denied in light of submission of evidence that an appeal grieving the conduct at issue in the lawsuit was timely filed in compliance with applicable procedural rules), adopted in full, 2007 WL 1597104, No. 1:05-cv-01014-LJO-SMS PC (E.D.Cal. Jun. 1, 2007).

Plaintiff fares no better when the inmate appeals that she attached as exhibits to her opposition are considered.  Even though one exhibit addresses some of her allegations against Defendant, all of the grievances Plaintiff submitted postdate her initiation of this action.  Thus, none of the inmate appeals Plaintiff submitted could possibly have been fully exhausted prior to the date she filed this action.

**IV.   Order**

For the reasons set forth herein, IT IS HEREBY ORDERED that:

1.   Defendant's motion to dismiss for failure to exhaust, filed on March 12, 2012 (Doc. 42), is GRANTED;

2.   All other pending motions (Docs. 39, 41, 43-45, 47, 52-57, 63) are DENIED as moot;

3.   This action is dismissed, without prejudice, for failure to exhaust; and

4.   The Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 27, 2012

CHIEF UNITED STATES DISTRICT JUDGE

6